# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL PICHARDO-MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MARSHALS SERVICE, <br><br> Defendant. | Case No. 1:18-cv-2674 (TNM) |

## MEMORANDUM AND ORDER

Angel Pichardo-Martinez sued under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to obtain records maintained by the United States Marshals Service (the "Service"). The Service moved for summary judgment, and the Court issued an order advising Mr. Pichardo-Martinez to file an opposition or other response to the motion. Mr. Pichardo-Martinez has since filed two documents, but neither addresses the legal arguments set forth in the Service's summary judgment motion. Even so, the Court cannot grant summary judgment unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010). Because the Service has not met its burden, the Court will deny its Motion for Summary Judgment without prejudice.

I.

It appears that Mr. Pichardo-Martinez had been designated to facilities which housed federal prisoners under contract with the Service: the Lake County Jail and the Community

1

Corrections Association in Youngstown, Ohio. *See* Compl., ECF No. 1 at 2. Mr. Pichardo-Martinez drafted two separate FOIA requests and mailed them to the Service's Office of General Counsel, *see id*. at 3–4, the office "responsible for processing all [FOIA] requests made to any [Service] office," Kil Decl. ¶ 1, ECF No 12-1. Generally, Mr. Pichardo-Martinez sought his medical records and copies of each facility's contract with the Service. *See* Compl. Exs. A & C, ECF No. 1 at 6, 8.

According to Mr. Pichardo-Martinez, the Service received his letters on September 13, 2018. Compl., ECF No. 1 at 4. The Service, however, has no record of receiving the requests.[1] Kil Decl. ¶ 4. Even so, "[o]n or around February 21, 2019, the [Service] decided to accept Mr. Pichardo-Martinez's FOIA requests, . . . .which were attached to [his] complaint." *Id.* ¶ 6.

So the Service processed the requests attached to Mr. Pichardo-Martinez's Complaint and "released all responsive non-exempt records to Mr. Pichardo-Martinez." *Id*. ¶ 6. Of the 51 pages of responsive records located, the Service withheld some information under FOIA Exemptions 7(C) and 7(E). *See* Kil Decl. Ex. A, ECF No. 12-1 at 5–6.

II.

Courts can decide most FOIA cases on motions for summary judgment. *See Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). The Court may grant summary judgment if the pleadings, disclosure materials on file, and affidavits "show[ ] that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Judicial Watch v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). In a

---

[1] A search of the USMS' case management system for FOIA request revealed that the USMS had received an earlier FOIA request from Mr. Pichardo-Martinez dated July 23, 2018, and had responded to it on February 15, 2019. Kil Decl. ¶ 5.

FOIA case, the Court conducts a *de novo* review of the record, and the federal agency bears the burden of proving compliance with its obligations under the FOIA. 5 U.S.C. § 552(a)(4)(B); *see Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

III.

The Service has not carried its burden at this stage. An agency must "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). But the affidavit the Service submitted does not explain the scope or method the agency's search.

Indeed, all that is known of the Service's search for records responsive to Mr. Pichardo-Martinez's FOIA requests is that staff at its Eastern District of Pennsylvania Office conducted it. *See* Kil Decl. Ex. A, ECF No. 12-1 at 5. At a minimum, the agency must "specify 'what records were searched, by whom, and through what process,'" *Rodriguez v. Dep't of Defense*, 236 F. Supp. 3d 26, 38 (D.D.C. 2017) (quoting *Steinberg v. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994)). The Service failed to do so.

Moreover, the Service has not justified its withholding information under FOIA Exemption 7. That section protects from disclosure "records or information compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7), but only if disclosure of such records would cause an enumerated harm. *See FBI v. Abramson*, 456 U.S. 615, 622 (1982). "To show that . . . documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties and a

connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks and citations omitted).

The Service's supporting declaration fails to meet this threshold requirement. Further, the declaration does not demonstrate that disclosure of the withheld information "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552 (b)(7)(C). Nor does it established that disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

IV.

Based on the Court's review of Service's motion and supporting declaration, the Service neither demonstrates that its search was reasonable nor justifies the withholding of information under Exemptions 7(C) and 7(E). Accordingly, it is hereby

ORDERED that Service's Motion for Summary Judgment [12] is DENIED without prejudice. The Service shall file any Renewed Motion for Summary Judgment with additional documentation on or before August 8, 2019; Mr. Pichardo-Martinez shall file his Opposition and any Cross-Motion for Summary Judgment on or before September 6, 2019; the Service shall file a combined Opposition and Reply on or before September 27, 2019; and Mr. Pichardo-Martinez shall file his Reply, if any, on or before October 18, 2019.

SO ORDERED.

DATE: July 3, 2019                                                        TREVOR N. McFADDEN
                                                                            United States District Judge